## WILLIAM WILMERTON ET AL.

### v.

### SAMUEL SAMPLE.

*Practice—Judgment Reversed but not Remanded—Costs in Lower Court.*

Where a judgment of the Circuit Court is reversed but not remanded, the clerk of such court has no power to tax up the costs in that court, the judgment of this court only providing as to the costs in this court.

[Opinion filed December 12, 1892.]

APPEAL from the Circuit Court of Mercer County; the Hon. JOHN J. GLENN, Judge, presiding.

Messrs. J. M. BROCK and J. H. CONNELL, for appellants.

Messrs. BASSETT & BASSETT, for appellee.

MR. JUSTICE LACEY.   The question for decision in this case grows out of a motion to quash a certain execution issued out of the office of the clerk of the Circuit Court of Mercer County, Illinois, dated April 19, 1892.   It appears that Samuel Sample, appellee, brought a suit against appellant Wilmerton, in the Circuit Court of Mercer County, for malicious prosecution, and at the March term, 1891, a judgment was rendered against him, which was appealed to this court and the judgment reversed and judgment rendered herein for costs of the Appellate Court against the appellee then and now, but the cause was not remanded. The appellant, April 19, 1892, filed the remanding order, together with the opinion of this court in the Circuit Court, and thereupon the clerk of the Circuit Court taxed the appellant's costs, made by him in the Circuit Court, against appellee, and issued execution therefor and placed the same in the hands of the sheriff of Mercer County to execute. The clerk at the same time of his own motion issued a fee bill for the accrued costs and placed the same in the hands of the sheriff to collect.   The sheriff afterward, by virtue of said writs and each of them, levied on the real estate of appellee and advertised the same for sale.   On April 19, 1892, appellee filed in the Circuit Court of Mercer County his motion to quash said execution.   The court, on a hearing of said motion April 21, 1892, quashed the said execution and rendered judgment against appellant for costs.   From this judgment this appeal is taken and the rightfulness of the action of the court in so doing questioned. The costs accruing to said appellant Wilmerton in the Circuit Court against the appellee were $373.35, and were sought to be recovered by having the clerk tax them in the fee bill and on the fee book.   It will be perceived that the judgment for costs rendered in this court on the former appeal was for the costs only made by the appellant in prosecuting his appeal to this court, and was not for the costs in the Circuit Court which appellant had expended in defending that case.   There was no motion to that effect entered here, nor was the question considered, and the clerk

in so supposing was in error, and therefore had no authority to tax them up as a part of the judgment of this court or of the Circuit Court. The reversal here and refusal of this court to remand the cause left the judgment reversed of the court below, but no judgment was rendered in appellant's favor for costs in the Circuit Court. That left the costs suspended in the court below to be disposed of in any legal manner. The remedy may be by suit in favor of appellant to recover the costs against appellee in a new action, but certainly the matter was not disposed of here.

Whether or not it was within the power and jurisdiction of this court to have disposed of it we need not decide. For this reason the judgment of the court below is affirmed.

*Judgment affirmed.*